IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ARETHA WOODLY, | * |
| Plaintiff, | * |
| v. | * |
| | Civil No. 25-2789-BAH |
| VILLAGE CAPITAL INVESTMENTS, LLC, ET AL., | * |
| | * |
| Defendants. | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

On August 25, 2025, Plaintiff Aretha Woodly ("Plaintiff")[1] removed to this Court *Aretha Woodly v. Village Capital Investments, LLC*, Case No. C24CV25002880 (Cir. Ct. of Md. for Balt. Cnty.), a case where she appears to also be the plaintiff. *See* ECF 1. In the notice of removal, Plaintiff invokes federal question jurisdiction and asserts that removal is proper under 28 U.S.C. § 1331 as she asserts this action arises under 42 U.S.C. § 1983, 12 U.S.C. § 2605(e), 18 U.S.C. §§ 1961–68, and 28 U.S.C. § 1361, and that removal is also proper under 28 U.S.C. §§ 1343(a)(3) and 1443 as the action seeks redress for deprivation of rights secured by the U.S. Constitution. *See* ECF 1, at 2. She seeks an emergency stay of all state court proceedings, including a foreclosure and eviction proceeding, and asks that the Court issue a writ of mandamus "compelling state officers and court actors to cease unconstitutional proceedings against Plaintiff," and that it "[d]eclare the [state court] foreclosure ratification order void ab initio" for lack of jurisdiction and due process. *Id.* (emphasis removed); *see also* ECF 4 (Plaintiff's "Emergency Motion to Stay State Court Proceedings Pending Removal"). In a document titled "Memorandum of Points and Authorities in Support of Appellate Jurisdiction Under 28 U.S.C. § 1447(D) Following Removal

---

[1] In some of Plaintiff's documents, her name is written as "Aretha Woody." *See* ECF 1-3, at 1.

Pursuant to 28 U.S.C. § 1443(1)," Plaintiff seeks to "establish and affirm the appellate jurisdiction of this Court under 28 U.S.C §1447(d), where the underlying district court order remanded a matter removed pursuant to 28 U.S.C. § 1443(1)." ECF 1-3, at 1.

The Court will deny Plaintiff's motion and remand this action back to state court for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005). The Court must have subject matter jurisdiction either based on diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332(a)(1). Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy over $75,000. 28 U.S.C. § 1332(a)(1). Federal question jurisdiction is determined "by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case may *not* be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393 (emphasis in original). The Court may *sua sponte* remand an action to state court at any time if it determines that it lacks subject matter jurisdiction. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting that federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As an initial matter, the Court notes that Plaintiff's removal of this action is improper as "the plain language of § 1443 provides that removal is available only to defendants, not plaintiffs." *Sewell v. Prince George's Cnty. Dep't of Soc. Servs.*, 508 F. App'x 259, 260 (4th Cir. 2013); *see*

2

*also Banerjee v. Vivint Solar Dev. LLC*, Civ. No. GJH-20-00674, 2021 WL 211300, at *2 (D. Md. Jan. 21, 2021) ("[R]emoval is a tool available to state court defendants, not state court plaintiffs."); 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added)); 28 U.S.C. § 1443 ("Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court . . . ."); 28 U.S.C. § 1446(a) (explaining the process when "[a] defendant or defendants desir[es] to remove any civil action from a State court").

Plaintiff does not invoke diversity jurisdiction, only federal question jurisdiction under 28 U.S.C. § 1331 and under 28 U.S.C. § 1443(1). *See* ECF 1, at 1 ("Plaintiff, Aretha R. Woodly, pursuant to 28 U.S.C. §§ 1331, 1343, 1367, 1441, 1446, and 1651, respectfully submits this Notice of Removal[.]")[2]; ECF 1-1, at 1 (checking only the box for federal question jurisdiction); ECF 1-3, at 2 ("A[] proper filing under § 1443(1) invokes original federal jurisdiction and obligates the district Court to evaluate the civil rights claims before issuing any remand order." (emphasis removed)). Contrary to Plaintiff's assertion, setting aside that removal is available to *defendants*, not plaintiffs, she has not properly invoked federal question jurisdiction or this Court's jurisdiction under 28 U.S.C. § 1443(1).

---

[2] Section 1343 concerns the original jurisdiction of United States District Courts over civil rights actions. Section 1367 concerns supplemental jurisdiction. Sections 1441 and 1446 concern removal procedures generally. Section 1651, the All Writs Act, permits the Court to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

The complaint here appears to seek discovery for alleged violations of 26 U.S.C. § 856(e), 26 C.F.R. § 1.856-6, Uniform Commercial Code ("UCC") § 2-201, and UCC § 8-501.[3] *See* ECF 2. None of these citations confer federal question jurisdiction. Section 856 defines a "real estate investment trust" and section (e) provides "[s]pecial rules for foreclosure property" to receive certain tax benefits. The corresponding regulation cited by Plaintiff, 26 C.F.R. § 1.856-6, describes the process by which, under § 856(e), "a real estate investment trust may make an irrevocable election to treat as 'foreclosure property' certain real property . . . and [ ] personal property . . . ." Neither the statute nor the regulation creates a private right of action for people on whom property has foreclosed. Further, "[t]he U.C.C. is a model code that has no legal effect in and of itself." *Davenport v. White*, Civ. No. TDC-16-0785, 2016 WL 1718228, at *2 (D. Md. Apr. 28, 2016). "It has force in Maryland only because it has been codified as the Commercial Law." *Id.* (citing Md. Code Ann., Commercial Law § 1-103; *Hartford Fire Ins. Co. v. Maryland Nat. Bank, N.A.*, 671 A.2d 22, 32 (Md. 1996)). Thus, to the extent these UCC provisions could even be read to create a private right of action, they do not do so under federal law. Because the Court may only look at the face of the well-pleaded complaint to determine its jurisdiction, *see Caterpillar Inc.*, 482 U.S. at 392, the additional citations to federal law in the notice of removal are inapposite. The Court does not have federal question jurisdiction over these claims.

Plaintiff also sought removal under 28 U.S.C. § 1443(1). "[A] removal petition under 28 U.S.C. [§] 1443(1) must satisfy a two-pronged test." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Claims that prosecution and conviction will

---

[3] While the complaint seeks "proof that the attorney representing the Defendant is not acting as a private debt collector, in violation of the Fair Debt Collection Practices Act," the claims themselves do not appear to be brought under that statute. *See* ECF 2.

4

violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Id.* "Second, it must appear, in accordance with the provisions of [§] 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Id.* (quoting *Rachel*, 384 U.S. at 803). "This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (quoting *Rachel*, 384 U.S. at 803, at 799). Plaintiff's removal petition does not meet these requirements.

To the extent the notice of removal can be construed as a new complaint challenging the foreclosure ratification order, the *Rooker-Feldman* doctrine precludes this Court's review. The *Rooker-Feldman* doctrine bars federal courts from sitting "in direct review of state court decisions." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983) (quoting *Atlantic Coast Line R. Co. v. Brotherhood. of Locomotive Engineers*, 398 U.S. 281, 296 (1970)). The following requirements must be met for the *Rooker–Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state-court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Great Western Mining & Mineral Co. v. Fox Rothschild*, LLP, 615 F.3d 159, 166 (3d Cir. 2010) (noting that the second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim). If applicable, the federal court lacks subject matter jurisdiction over the federal plaintiff's claims and the claims must be dismissed. *See Feldman*, 460 U.S. at 476; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). "[T]he *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's

decision itself." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) (citing *Exxon Mobil Corp.*, 544 U.S. at 280 (2005)).

It is true that "[i]n *Exxon Mobil*, the United States Supreme Court clarified that the doctrine occupies only a 'narrow ground,' and stated that '[w]hen there is parallel state and federal litigation, *Rooker–Feldman* is not triggered simply by the entry of judgment in state court.'" *United States v. Ward*, Civ. No. JKB-21-3165, 2023 WL 121866, at *3 (D. Md. Jan. 6, 2023) (citing *Exxon Mobil*, 544 U.S. at 292). Here, however, this federal action does not appear to be parallel to the state court action. Plaintiff appears to challenge a ratification order entered by the state court on July 14, 2025, in Case No. 24-O-23-001035.[4] *See* ECF 1-2, at 31 (order entered in Case No. C-24-CV-25-002880 denying Plaintiff's emergency motion to vacate order ratifying sale that had been entered in Case No. 24-O-23-001035). Thus, this action fits into the *Rooker-Feldman* doctrine's narrow limitation on federal jurisdiction. *See Ortiz v. Prince George's Cnty.*, Civ. No. 21-1169-AAQ, 2025 WL 315963, at *6 (D. Md. Jan. 27, 2025) ("Courts have consistently applied the *Rooker–Feldman* doctrine to dismiss claims requesting federal district court review of a state court's eviction and foreclosure proceedings." (quoting *Sanders v. Cohn, Goldberg & Deutsch, LLC*, Civ. No. DKC-15-1571, 2016 WL 223040, at *4 (D. Md. Jan. 19, 2016))); *see also Sanders*, 2016 WL 223040, at *4 (collecting cases).[5]

---

[4] The Court notes that this is a different case than the one Plaintiff has removed to this Court.

[5] The *Rooker-Feldman* doctrine also prohibits a district court from reviewing constitutional claims that are "inextricably intertwined" with a state court decision. *Shooting Point, LLC v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004) (citations omitted). "A federal claim is 'inextricably intertwined' with a state court decision if 'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'" *Id.* (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)); *see also Curley v. Adams Creek Assocs.*, 409 F. App'x 678, 680 (4th Cir. 2011) (holding that *Rooker-Feldman* precluded subject matter jurisdiction over plaintiff's claim that the state court violated her due process rights by failing to give her notice before disposing of real property owned by her).

Further, to the extent Plaintiff asks the Court to enjoin ongoing state court proceedings, the Court cannot do so. Under the Anti-Injunction Act, federal courts "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "Because none of these 'three specifically defined exceptions' applies to this case, the Court cannot enjoin the pending state foreclosure proceeding." *Singletary v. Nationstar Mortg., LLC*, Civ. No. TDC-14-3204, 2016 WL 1089419, at *2 (D. Md. Mar. 21, 2016) (quoting *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)); *Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 641 (D. Md. 2015) (collecting cases where courts have concluded that the Anti-Injunction Act prevents a court from issuing injunctive or declaratory relief that would actually or effectively enjoin an ongoing foreclosure proceeding); *Howes v. SN Servicing Corp.*, Civ. No. CCB-20-670, 2023 WL 4532802, at *4 n.4 (D. Md. July 13, 2023) ("The court is obligated to raise the Anti-Injunction Act issue *sua sponte* because it deprives the court of subject matter jurisdiction over the plaintiffs' claim." (citing *Tucker*, 83 F. Supp. 3d at 641 n.4)). Because the Court cannot grant the relief Plaintiff seeks in the motion, it must be denied. *See Cade v. O'Sullivan*, Civ. No. GJH-19-3260, 2019 WL 6034990, at *1–2 (D. Md. Nov. 14, 2019) (denying a motion for a TRO seeking an injunction of state court foreclosure proceedings both on procedural grounds under Fed. R. Civ. P. 65(b)(1) and under the Anti-Injunction Act).

As a final note, the Court also takes judicial notice of *Woodly v. Village Capital Investments, LLC et al.*, Civ. No. 25-1142-SAG, which Plaintiff initiated as a new action in this Court on April 7, 2025.[6] *See* ECF 1 in Civ. No. 25-1142-SAG. In that case, Plaintiff brings suit

---

[6] Under Fed. R. Evid. 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

against the same defendants as here, Village Capital Investments, LLC, and Brock & Scott, PLLC, "challenging the constitutionality of nonjudicial foreclosure statutes and practices, asserting federal preemption and monetary fraud under Title 12 banking law, and invoking all constitutional guarantees of due process, discovery, and trial by jury." *See id.* While Plaintiff does not reference a pending state court case in that complaint, she does appear to challenge a specific foreclosure proceeding. *See id.* at 1 ("Plaintiff is the original signatory and issuer of a negotiable promissory note delivered into the possession of a depository institution and pledged to the Federal Reserve under Operating Circular No. 10, Appendix 3."); *id.* at 2 ("Plaintiff holds equitable and legal interest in the collateralized asset . . . ."); *id.* ("Plaintiff's note was pledged by a financial institution . . . ."). Thus, this recently removed action may be duplicative of claims brought in the case already pending in this court. Nevertheless, because the Court lacks subject matter jurisdiction over the claims Plaintiff removed to this Court, the action must be remanded.

For these reasons, by the United States District Court for the District of Maryland, it is hereby ORDERED that:

(1) The case is REMANDED to the Circuit Court for Baltimore City;

(2) Plaintiff's emergency motion to stay state court proceedings, ECF 4, is DENIED; and

(3) The Clerk is directed to CLOSE this case and TRANSMIT a copy of this memorandum and order to Plaintiff.

Dated: September 4, 2025                              /s/
                                                  Brendan A. Hurson
                                                  United States District Judge